ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRIAN E. KLEIN (Cal. State Bar No.: 258486)
MONICA D. MANGE (Cal. State Bar No.: 234950)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6920/6529
    Facsimile: (213) 894-6269
    E-mail: brian.klein@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-1055-PA |
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER PERMITTING RELEASE OF GRAND JURY MATERIALS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN E. KLEIN |
| v. | |
| EZRI NAMVAR, aka "Ezri Namvar Moghadam," and HAMID TABATABAI, aka "Hamid Taba," | [PROPOSED ORDER FILED CONCURRENTLY] |
| Defendants. | |

    Pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure ("Rule 6(e)"), Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby submits this ex parte application for an order authorizing the government to produce to defendants Ezri Namvar and Hamid Tabatabai documents and other materials covered by the secrecy provisions of Rule 6(e).

This <u>ex parte</u> application is based on the attached Memorandum of Points and Authorities and Declaration of Brian E. Klein, the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

DATED: March 31, 2011

ANDRÉ BIROTTE JR.
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

   /s/ Brian E. Klein
BRIAN E. KLEIN
MONICA D. MANGE
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 6(e)(2) of the Federal Rules of Criminal Procedure provides that "an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules . . . ." Fed. R. Crim. P. 6(e)(2). Disclosure of grand jury matters is permitted, however, "when so directed by a court preliminary to or in connection with a judicial proceeding . . . ." Fed. R. Crim. P. 6(e)(3)(C)(I).

The power of the Court to order disclosure of grand jury matters is discretionary, and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. In re William H. Pflaumer & Sons, Inc., 53 F.R.D. 464, 470 (E.D. Pa. 1971); see also United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958).

In U.S. Industries, Inc. v. United States District Court, 345 F.2d 18 (9th Cir.), cert. denied, 382 U.S. 814 (1965), the Ninth Circuit stated that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The U.S. Industries court held that when the reasons for secrecy "do not apply at all in a given situation, or apply only to an insignificant degree, the party seeking the disclosure should not be required to demonstrate a large compelling need." Id. at 21. The Ninth Circuit's opinion also listed five general reasons for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to ensure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the

        witnesses who may testify before the grand
jury and later appear at the trial of those
indicted by it; (4) to encourage free and
untrammeled disclosure by persons who have
information with respect to the commission of
crimes; and (5) to protect the innocent
accused who is exonerated from disclosure of
the fact that he has been under
investigation, and from the expense of
standing trial where there was no probability
of guilt.

Id. at 22; cf. Proctor & Gamble Co., 356 U.S. at 681 n.6.

    In this case, the general reasons for secrecy are inapplicable with respect to matters occurring before the grand jury who investigated this case to the extent that those matters are otherwise subject to the government's discovery obligations. The government's discovery obligations would include, for example, production of documents presented to the grand jury which the government intends to use in the trial of this case and the transcripts of testimony of any witness whom the government may call at trial. Portions of the grand jury testimony may constitute a witness statement discoverable by the defense under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure. The rights of the defendants to discover the prior statement of any potential trial witness and to receive any other discovery to which defendants are entitled outweigh the interests of continued secrecy of the grand jury matters.

    Accordingly, the government respectfully requests that the Court issue an order authorizing the government to provide defense counsel with a copy of grand jury materials from the investigation of this case which are encompassed by the government's discovery obligations.

2

<u>DECLARATION OF BRIAN E. KLEIN</u>

I, BRIAN E. KLEIN, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I have been assigned to the case of <u>United States vs. Ezri Namvar, et al.</u>, CR No. 10-1055-PA.

2. The government makes this <u>ex parte</u> application so that it may receive an order from the Court authorizing it to disclose grand jury materials to the defense as necessary pursuant to the government's discovery obligations.

3. On March 30, 2011, I spoke with counsel for defendant Ezri Namvar, Marc S. Harris, and sought his position on this <u>ex parte</u> application. Mr. Harris does not oppose it.

4. On March 30, 2011, I spoke with counsel for defendant Hamid Tabatabai, James W. Spertus, and sought his position on this <u>ex parte</u> application. Mr. Spertus does not oppose it.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

DATED: March 31, 2011

                                                <u>/s/ Brian E. Klein</u>
                                                BRIAN E. KLEIN
                                                Assistant United States Attorney