ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRIAN E. KLEIN (Cal. State Bar No.: 258486)
MONICA D. MANGE (Cal. State Bar No.: 234950)
Assistant United States Attorneys
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6920/6529
Facsimile: (213) 894-6269
E-mail: brian.klein@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EZRI NAMVAR,<br>aka "Ezri Namvar Moghadam,"<br>and HAMID TABATABAI,<br>aka "Hamid Taba,"<br><br>Defendants. | CR No. 10-1055-PA<br><br><u>MOTION FOR ORDER TO DIMISS COUNT TWO AGAINST DEFENDANTS NAMVAR AND TABATABAI AND GRANTING LEAVE TO NARROW ALLEGATIONS OF THE INDICTMENT AND TO FILE REDACTED INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MONICA D. MANGE; EXHIBITS 1,2</u><br><br>Trial Date/Time:<br>May 3, 2011 at 8:30 a.m.<br><br>Courtroom of the Honorable Percy Anderson |

Plaintiff United States of America, by and through its attorney of record, the United States Attorney for the Central District of California, hereby applies for an order to dismiss without prejudice Count Two of the Indictment as against defendant Ezri Namvar and defendant Hamid Tabatabai, and granting

leave for the government to narrow the allegations of the Indictment (Docket No. 1) and to file a properly redacted Indictment for use at trial in this matter.

This application is based upon the attached memorandum of points and authorities, the declaration of Monica D. Mange, and the files and records in this case.

The government has notified counsel for both defendants of its intent to dismiss Count Two of the Indictment and has sent them a copy of the proposed Redacted Indictment.

DATE: May 2, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

/s/

BRIAN E. KLEIN
MONICA D. MANGE
Assistant United States Attorneys
Major Frauds Section

Attorneys for the
United States of America

MEMORANDUM OF POINTS AND AUTHORITIES

In submitting this motion, the government moves to dismiss without prejudice Count Two of the Indictment. The government also seeks permission to redact three allegations and modify one allegation from the Indictment and to file this Redacted Indictment for use at trial in the above-entitled matter. The government does not intend to prove up these allegations at trial, and the resultant alterations in the Redacted Indictment make no material change in the charges and do not result in prejudice to the defendants.

Referring to the pagination of the original Indictment, the proposed redactions are as follows: (1) at p. 5, lines 2-4 are deleted in their entirety; (2) at p. 8, lines 7-11 are deleted in their entirety; (3) at p. 7, lines 7-8 are deleted in their entirety; and (4) at p. 7, line 11, the "$27 million" is changed to "$25 million." Counts Three through Five of the Indictment are re-numbered Counts Two through Four. A copy of the Redacted Indictment, incorporating the alterations identified above, is attached to the Declaration of Monica D. Mange ("Mange Dec.") as Exhibit 1. A copy of the original indictment is attached as Exhibit 2.

The proposed redactions merely narrow the indictment and therefore do not prejudice either defendant Ezri Namvar or defendant Hamid Tabatabai ("defendants"). It is well-settled that, where a proposed alteration of the indictment for use at trial has the effect of narrowing the indictment, it is permissible. United States v. Fulbright, 105 F.3d 443, 452 (9th Cir. 1997), overruled on other grounds by United States v.

Heredia, 483 F.3d 913, 921 (9th Cir. 2007) (en banc). In Fulbright, the court deleted charging language that alleged a certain false statement as one of several methods through which the defendant attempted to obstruct justice. Id. The Ninth Circuit held that striking a portion of an indictment, over defense objection, was proper where "it did not broaden the scope of the indictment." Id. citing United States v. Miller, 471 U.S. 130 (1985) (holding that a trial court may amend an indictment, so long as the scope of the remaining charges is narrower than before). In Miller, the Supreme Court expressly held that to drop from an indictment allegations that result in a narrowing of the indictment does not amount to an unconstitutional amendment and is thus permissible. 471 U.S. at 144; see also United States v. Antonakeas, 255 F.3d 714, 721 (9th Cir. 2001) (approvingly quoting the Supreme Court's ruling in Miller that "[a] part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a 'useless averment' that 'may be ignored'") (citation omitted). The objected to redactions are simply a narrowing of the indictment and nothing more. This is absolutely appropriate and within the government's discretion under the law. See Miller, 471 U.S. at 144; Fulbright, 105 F.3d at 452.

Given that: (1) all of the proposed changes merely narrow the charging document and (2) the government does not intend to prove up at trial the allegations it proposes to strike from the Indictment, the Court should grant the government's motion to strike those portions of the indictment and its motion to dismiss Count Two of the Indictment. Moreover, because all references to

the victim client whose wire formed the basis of Count Two have been deleted, any mention of this particular victim client at trial would be irrelevant under Rule 403. See, e.g., United States v. Antonakeas, 255 F.3d 714, 721 (9th Cir. 2001) (approvingly quoting the Supreme Court's ruling in Miller that "[a] part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a 'useless averment' that 'may be ignored'") (citation omitted).

For all the foregoing reasons, the government requests leave of the Court to redact the Indictment as set forth in Exhibit 1 and to have Exhibit 1 filed as the Redacted Indictment to be used at trial in this matter.

DECLARATION OF MONICA D. MANGE

I, Monica D. Mange, do hereby declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California and, along with Assistant United States Attorney Brian E. Klein, am assigned to handle the prosecution of the case of United States v. Ezri Namvar, et. al., CR 10-1055-PA, which is currently set for trial on May 3, 2011. I make this declaration based upon personal knowledge and, if necessary, I could and would so testify.

2. A copy of the government's proposed Redacted Indictment is attached hereto as Exhibit 1.

3. Referring to the pagination of the original Indictment, the proposed redactions incorporated in Exhibit 1 are as follows: 1) at p. 5, lines 2-4 are deleted in their entirety; (2) at p. 8, lines 7-11 are deleted in their entirety; (3) at p. 7, lines 7-8 are deleted in their entirety; and (4) at p. 7, line 11, the "$27 million" is changed to "$25 million." Counts Three through Five of the Indictment are re-numbered Counts Two through Four.

4. The government provided counsel for the defendants with a copy via e-mail of the proposed redacted Indictment. The government informed defense counsel of their decision to drop Count Two of the Indictment on April 27, 2011.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles on May 2, 2011.

/s/
MONICA D. MANGE