UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>EZRI NAMVAR, AKA Ezri Namvar Moghadam,<br><br>   Defendant - Appellant. | No. 11-50447<br><br>D.C. No. 2:10-cr-01055-PA-1<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE** |

RECEIVED
CLERK, U.S. DISTRICT COURT

4/4/13

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MAT_____ DEPUTY

  The judgment of this Court, entered November 20, 2012, takes effect this date.

  This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

            FOR THE COURT:
            Molly C. Dwyer
            Clerk of Court

            Theresa Benitez
            Deputy Clerk



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50447 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01055-PA-1 |
| v. | |
| EZRI NAMVAR, AKA Ezri Namvar Moghadam, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50448 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01055-PA-2 |
| v. | |
| HAMID TABATABAI, AKA Hamid Taba, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 8, 2012
Pasadena, California

Before: BRIGHT,** GRABER, and IKUTA, Circuit Judges.

Defendants Ezri Namvar and Hamid Tabatabai appeal their convictions for four counts of wire fraud under 18 U.S.C. § 1343. We affirm Namvar's convictions. We reverse Tabatabai's convictions and remand for a new trial.

I

Viewing the evidence in the light most favorable to the government, a reasonable juror could conclude that Namvar was engaged in a material scheme to defraud certain clients who used Namco Financial Exchange (NFE) as a qualified intermediary, by transferring their funds out of NFE accounts for investment or other uses without the clients' authorization. *See, e.g.*, *United States v. Jones*, 472 F.3d 1136, 1139-40 (9th Cir. 2007). The government did not need to prove that Namvar personally made fraudulent omissions or misrepresentations. *United States v. Farris*, 614 F.2d 634, 638-39 (9th Cir. 1979). It adduced ample evidence of Namvar's knowledge of and participation in the fraudulent scheme, including Namvar's authorization of wire transfers removing funds from the NFE accounts. A reasonable juror could have concluded that Namvar had the requisite intent from

---

\*\*  The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

evidence that Namvar apologized for his actions and admitted wrongdoing to certain clients. *See United States v. Rogers*, 321 F.3d 1226, 1230 (9th Cir. 2003). Because a reasonable juror could find the elements of wire fraud beyond a reasonable doubt, Namvar's conviction is supported by sufficient evidence. *See* 18 U.S.C. § 1343; *see also United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

The district court properly excluded evidence of Namvar's intent to repay the victims and good faith effort to fund the exchanges because such an intent is not a defense to fraud. *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986). In light of the substantial evidence supporting Namvar's guilt, any error with respect to the district court's other evidentiary rulings, or with respect to its inadvertent exclusion of defense exhibits, was harmless beyond a reasonable doubt.

We also reject the argument that the district court erred in its instructions on the elements of wire fraud, because so long as "'a scheme is devised with the intent to defraud,'" it is immaterial that "there is no misrepresentation of a single existing fact." *United States v. Woods*, 335 F.3d 993, 998 (9th Cir. 2003) (emphasis omitted) (quoting *Lustiger v. United States*, 386 F.2d 132, 138 (9th Cir. 1967)). The scheme theory was charged in the indictment and the instruction therefore did not constitute a material variance. Nor did the district court err in declining to give

a jury instruction based on *United States v. Dowling*, 739 F.2d 1445, 1449 (9th Cir. 1984), *rev'd on other grounds*, 473 U.S. 207 (1985), or *United States v. Laurienti*, 611 F.3d 530, 539 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 969 (2011), both of which addressed a theory of wire fraud based on material omissions, which is not applicable here.

The government's references during closing and rebuttal arguments to "ripping off" or "stealing" from the victims, while an unflattering description of Namvar's conduct, rested on reasonable inferences drawn from the evidence, *United States v. Wright*, 625 F.3d 583, 613 (9th Cir. 2010), and thus did not amount to prosecutorial misconduct. We also reject the claim that the government vouched for certain witnesses. The government made no personal assurances regarding the credibility of its witnesses, but merely asked the jury to draw an inference from the evidence. *Cf. United States v. Weatherspoon*, 410 F.3d 1142, 1146 (9th Cir. 2005). Finally, because any "inconsistencies [in testimony] were fully explored and argued to the jury," *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1727 (2012), we reject Namvar's argument that the government willfully suborned false testimony from any witness.

II

With respect to Tabatabai's convictions, viewing the evidence in the light most favorable to the government, a reasonable juror could find the elements of wire fraud beyond a reasonable doubt. *Nevils*, 598 F.3d at 1164.

Although the exclusion of all of Tabatabai's defense exhibits did not constitute a structural error, it was not harmless beyond a reasonable doubt. The government's evidence that Tabatabai had the requisite mens rea was thin, and at least one of the defense exhibits bolstered his theory that he had acted in good faith. The jury's request for the defense exhibits suggests that the evidence was material to its decision-making process. We therefore reverse and remand for a new trial for Tabatabai. Because we decide on this ground, Tabatabai's severance claim is moot, and we need not reach Tabatabai's objections to evidentiary rulings and jury instructions which may not arise on a retrial.

**AFFIRMED AS TO NAMVAR.**

**REVERSED AND REMANDED AS TO TABATABAI.**